UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 11-374-JBC

JAMES T. SCATUORCHIO
RACING STABLE, LLC, et al.,                                                              PLAINTIFFS,

V.                         **MEMORANDUM OPINION & ORDER**

WALMAC STUD MANAGEMENT,
LLC, et al.,                                                                             DEFENDANTS.

\* \* \* \* \* \* \* \* \*

This matter is before the court upon the plaintiffs' motion for leave to file second amended complaint, R.62.  For the reasons stated below, the motion will be granted.

The pertinent facts are as follows.  The plaintiffs move for leave to file their second amended complaint after having filed an original complaint on March 30, 2011, and a first amended complaint on April 19, 2011, both in New Jersey state court.  The case was subsequently removed to the United States District Court for the District of New Jersey, and the defendants moved to dismiss the action or transfer venue to Kentucky.  On June 28, 2011, the plaintiffs responded to the motion and filed a second amended complaint.  The action was later transferred to this court where the defendants renewed their motion to dismiss.  During a motion hearing on February 29, 2012, the plaintiffs were directed to file a motion for leave to file a second amended complaint.  The motion is now ripe for review.

1

The court will grant the plaintiffs' motion under Fed. R. Civ. P. 15(a)(2), because the record shows no "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment" or other reason for denying the plaintiffs the opportunity to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given,'" and it is in the interests of justice to grant the leave to amend. *Id.* (citing Fed. R. Civ. P. 15(a)(2)).

The defendants argue that the motion should be denied for the following reasons: the plaintiffs delayed the filing of their second amended complaint; the second amended complaint provides major changes from the prior pleadings; and the plaintiffs had knowledge of the claims and defendants to be added in the second amended complaint well before they filed the second amended complaint. None of these reasons demonstrates undue delay or undue prejudice.

The plaintiffs first filed their second amended complaint on June 28, 2011, nearly three months after the filing of their original complaint.  Even though the document was not properly before the court at that time,[1] the defendants have been on notice of those claims.  The defendants do not argue that they are unduly

---

[1] The plaintiffs argue that case law in the United States District Court of the District of New Jersey rendered the second amended complaint properly filed without leave of court, *see Route 27, LLC v. Getty Petroleum Marketing, Inc.*, 2011 U.S. Dist. LEXIS 34375, at *7-11 (D.N.J. March 30, 2011)(unpublished).  This court relies on controlling authority and interprets Fed. R. Civ. P. 15(a)(2) literally to require either consent of the opposing party or the court's leave before the filing of a second amended complaint.

2

prejudiced by the plaintiffs' second amendment to their pleading. No discovery has been conducted at this time, and it is in the interest of judicial economy to adjudicate the claims in the second amended complaint, which involve similar facts and parties, with the current claims. Even though the plaintiffs did not formally file their motion for leave to file a second amended complaint until nearly a year after the original complaint was filed, the plaintiffs attempted to file the document only three months after the original complaint was filed. No deadlines have been set in this action, and the plaintiffs justify the delay by stating that they were waiting for contractual deadlines to pass before filing claims that they previously considered "merely anticipatory."

Accordingly,

**IT IS ORDERED** that the plaintiffs' motion for leave to file second amended complaint, R. 62, is **GRANTED.** The second amended complaint is deemed filed as of the date of entry of this order.

Signed on May 4, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY