UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JAMES T. SCATUORCHIO RACING STABLE, LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 5: 11-374-DCR |
| V. | ) ) | |
| WALMAC STUD MANAGEMENT, LLC, et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiffs James T. Scatuorcho, LLC ("Scatuorchio, LLC"), James T. Scatuorchio, Kevin Scatuorchio, Courtney Sullivan, and Bryan Sullivan have moved to exclude the opinion testimony of Michael E. Hernon and strike his affidavit and errata sheet. [Record Nos. 196, 263] For the reasons discussed below, the plaintiffs' motions will be granted.

**I.**

The plaintiffs retained Stephen Johnson and James LaMonica as experts to render opinions on the standard industry practices for advertising and managing stallions. [*See* Record Nos. 191-6, 191-7.] These experts opined that the defendants' management and billing practices did not conform to industry standards and practice. [*Id*.] The defendants hired Michael Hernon to counter the testimony of Johnson and LaMonica. [Record No. 196-8] For example, on the topic of Walmac Stud assigning stallion manager duties to Walmac Farm, Hernon states "The Co-Owners Agreement allows for the assignment of the duties of Walmac Stud [] as stallion manager to an affiliate. It is

-1-

not uncommon for farms to have a separate entity which acts as the syndicate or stallion manager." [*Id*., p. 5]

The plaintiffs deposed Hernon on January 16, 2014. During his deposition, Hernon testified that he met with Robert Beck, Frank Becker, and Defendant Jones to review a draft of the report before it was submitted.[1] [Record No. 196-9, p. 172] Hernon stated that he brought his company letterhead to this meeting and Jones brought a first draft of the report that he had prepared for Hernon containing opinions responding to Johnson and LaMonica's reports. [*Id*., pp. 171, 174] Hernon stated that, while edits were made to Jones' draft, the final report was 90% unchanged. [*Id*., pp. 179-80] Hernon could not identify any portion of his opinion, analysis, or subject matter that had been removed or changed from Jones' draft. [*Id*., pp. 180-81, 184] Hernon went on to state that after review of the draft, it was printed it on his company letterhead and he signed it. [*Id*., p. 177] Hernon testified that this entire process took sixty to ninety minutes. [*Id*., pp. 177-78]

Hernon also disclosed that while his report contained opinions based on the COA and the Dean Dorton Ford Report, an equine industry accounting survey, he had not seen those documents until after his report was submitted. [*Id*., pp. 187-89, 305] During questioning by the defendants' counsel, Hernon testified that he had other meetings with Jones and Robert Beck during which they discussed his expert report and that Jones had informed him of the Dean Dorton Ford Report before his report was signed. [*Id*., p. 355-56] Hernon also stated that he had spent approximately 15 to 20 hours on the matter, including attending meetings and review of materials. [*Id*., p. 171]

---

1   Robert Beck is counsel for Gainesway Farm, Hernon's employer. Frank Becker represented the defendants.

The plaintiffs have moved to exclude Hernon as an expert, arguing that his report is deficient under Rule 26(a)(2)(B) because: (i) the opinions in the report are not Hernon's; (ii) Hernon's testimony is unreliable under the Federal Rules of Evidence; and (iii) Hernon is not qualified to offer testimony concerning certain subject areas. [Record No. 196-1, p. 1] In response, the defendants filed an affidavit of Hernon and an errata sheet. These materials contend that, due to his inexperience with depositions, Hernon was confused and gave incorrect answers. [Record Nos. 241, 262-1] Those documents state that the actual amount of material changed from the first draft and the final report was closer to 50% and that there were actually five meetings involving Hernon and his counsel during which they reviewed and revised his opinion letter. [*Id.*] Thus, they argue that Hernon should not be excluded because his report was substantially his own. The defendants also contend that Hernon is qualified to testify on matters concerning stallion management. [Record No. 240, p. 5]

The plaintiffs have also moved to strike the affidavit and errata sheet. [Record No. 263] They argue that the errata sheet does not comply with Rule 30(e) of the Federal Rules of Civil Procedure because it makes significant alterations to what Hernon said under oath and does not comply with the procedural requirements of the rule. [Record No. 263-1, pp. 6-8] The plaintiffs seek to strike Hernon's affidavit, claiming that it contradicts his deposition testimony and, alternatively, should be considered an inappropriate "sham affidavit." [*Id.*, pp. 8-17] In response, the defendants argue that the Sixth Circuit allows substantive changes through errata sheets to deposition testimony and that rules regarding contradictory and sham affidavits do not apply. [Record No. 269, pp. 2-8]

**II.**

    **A.    Motion to Strike Affidavit and Errata Sheet**

The plaintiffs assert that the errata sheet is impermissible under Rule 30(e) of the Federal Rules of Civil Procedure. They claim that the defendants did not comply with the procedural requirements of the rule which mandates that a deponent or party request a review of the deposition transcript or recording before the deposition is completed. [Record No. 263-1, pp. 6-7] Additionally, they argue that the errata sheet impermissibly seeks to substantially alter what was said under oath. The plaintiffs contend that this is prohibited in this circuit. [*Id.*, pp. 7-9] However, the defendants assert that Sixth Circuit allows parties to make substantive changes to depositions through the use of errata sheets. [Record No. 269, pp. 2-5]

    Rule 30(e) provides as follows:

(e) Review by the Witness; Changes.
    (1) *Review, Statement of Changes*. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available which:
        (A) to review the transcript or recording; and
        (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them
    (2) *Changes Indicated in the Office's Certificate*. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Fed. R. Civ. P. 30(e).

The rule has a number of procedural requirements that must be satisfied before changes to deposition testimony will be permitted. Once these rules are met, changes to deposition testimony may be allowed. While courts are split regarding whether to allow substantive changes to depositions, there is no disagreement that the procedural requirements must be satisfied. Compliance with these procedural rules is mandatory. And if they are not satisfied a Court may

strike the proposed changes. *Agrizap, Inc. v. Woodstream Corp.*, 232 F.R.D. 491, 493-94 (E.D. Pa. 2006) (failure to request review is grounds for barring an errata sheet); *see also EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 265 (3d Cir. 2010); *Kull v. Vill. of Yorkville, Ohio*, 2:07-CV-686, 2008 WL 5188167, at *4 (S.D. Ohio Dec. 10, 2008) (an untimely and uncertified errata sheet is subject to exclusion).

The plaintiffs assert that neither Hernon nor any party asked to review the transcript for errors. Thus, the procedural requirements of Rule 30(e) have not been satisfied. [Record No. 263-1, pp. 6-7] The defendants apparently concede this point. [*See* Record No. 269.] Therefore, a failure to comply with the procedural requirements of Rule 30(e) justifies the errata sheet's exclusion. *Agrizap*, 232 F.R.D. at 493-94. However, the errata sheet is also impermissible for other reasons. The plaintiffs argue that errata sheets cannot substantively change what was said under oath at a deposition and are only limited to correcting typographical errors or transcription mistakes. [Record No. 263-1, pp. 7-8] The defendants claim that, although there is a split in the Sixth Circuit on this point, the rules clearly allow an errata sheet to correct substantive deposition testimony. [Record No. 269, pp. 2-5]

Courts are split in their interpretation of how broadly changes may be made through an errata sheet under Rule 30(e). *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2118 (2010). The traditional view is that Rule 30(e) allows a deponent to change deposition testimony with procedurally correct changes, even if they substantively change or contradict the original answers. *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997); *Titanium Metals, Corp. v. Elkem Mgmt., Inc.*, 191 F.R.D. 468, 472 (W.D. Pa. 1998); *Foutz v. Town of Vinton*, 211 F.R.D. 293, 295 (W.D. Va. 2002); *Reilly v. TXU*

*Corp.*, 230 F.R.D. 486, 490 (N.D. Tex. 2005). Under this approach, the change may be subject to impeachment that may affect credibility. Further, the revision does not replace the testimony; rather, the original testimony remains and may be used on cross-examination. *Podell*, 112 F.3d at 103. However, other courts have taken a more restrictive approach, preventing parties from changing what was said under oath through an errata sheet. *Burns v. Bd. of Cnty. Comm'rs of Jackson Cnty.*, 330 F.3d 1275, 1282 (10th Cir. 2003); *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992); *Wyeth v. Lupin Ltd.*, 252 F.R.D. 295, 296 (D. Md. 2008).

In a recent unpublished opinion, the Sixth Circuit indicated that Rule 30(e) does not allow a deponent to alter what was said under oath. *Trout v. FirstEnergy Generation Corp.*, 339 F. App'x 560, 565 (6th Cir. 2009) (citing *Tuttle v. Tyco Electronics Installation Servs., Inc.*, 2:06-CV-581, 2008 WL 343178 (S.D. Ohio Feb. 7, 2008)). The court went on to state that, if Rule 30(e) allowed for substantive changes, "'one could merely answer the questions with no thought at all[ ], then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.'" *Id.* Courts applying the holding in *Trout* have stricken errata sheets that attempt to alter substantive testimony rather than correct typographic or transcription errors. *See CNB Bancshares, Inc. v. StoneCastle Secs. LLC*, No. 3:09–CV–33, 2012 WL 2887256, at *3 (E.D. Tenn. July 13, 2012); *EEOC v. Skanska USA Building, Inc.*, 278 F.R.D. 407, 412 (W.D. Tenn. 2012); *Walker v. 9912 East Grand River Assocs., LP*, No. 11–12085, 2012 WL 1110005, at *3-4 (E.D. Mich. Apr. 3, 2012); *Giebel v. Lavalley*, 5:12-CV-750, 2013 WL 6903784 (N.D. Ohio Dec. 31, 2013). And other courts outside the circuit have recognized that the Sixth Circuit is the "[o]ne court of appeals [that] permits a defendant to correct only typographic and

transcription errors." *Devon Energy Corp. v. Westacott*, 09-1689, 2011 WL 1157334 (S.D. Tex. Mar. 24, 2011).

The defendants cite a recent district court case in this circuit that reached a contrary result by allowing substantive changes to prior testimony. [Record No. 269, p. 4 (citing *Buchanan v. City of Mt. Juliet*, 2012 U.S. Dist. LEXIS 137999, at *3 (M.D. Tenn. Sept. 26, 2012)] However, thise Court follows the Sixth Circuit's most recent pronouncement regarding the issue in concluding that Rule 30(e) does not permit changes to what was said under oath, aside from typographical and transcription errors. Hernon's errata sheet does much more than attempt to correct typographical errors. It substantively changes answers that were provided at his deposition. Thus, the errata sheet will be stricken.

The plaintiffs also argue that the affidavit must be stricken as it provides contradictory testimony without providing a persuasive reason for the contradiction. [Record No. 263-1, p. 8] They also assert that if the affidavit is not stricken as contradictory, it should be stricken as a sham affidavit. [*Id*., p. 15] In response, the defendants assert that they have given sufficient justification for any contradiction and that Hernon's affidavit is not an attempt to create a sham factual issue. [Record No. 269, p. 5] They also argue that the sham affidavit rule does not apply because the alleged inconsistency was actually in Hernon's deposition itself. [*Id*., p. 6] The affidavit states that the actual amount of material changed from the first draft and the final report was somewhere closer to 50% and that there were actually five meetings where Hernon and his counsel reviewed and revised his opinion letter. [Record No. 241]

In determining whether to strike a post-deposition affidavit, a district court "must first determine whether the affidavit directly contradicts the nonmoving party's prior sworn testimony."

*Aerel, S.R.L., v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 908 (6th Cir. 2006). If the affidavit does directly contradict prior testimony, then the court must strike the affidavit "unless the party . . . provides a persuasive justification for the contradiction." *Id.* If the affidavit is not excluded as contradictory, it should not be stricken unless it creates a sham issue. *Id.* (citation omitted). Factors used to determine whether an affidavit attempts to create a sham issue include "whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the affidavit attempts to explain." *Id.* at 909 (citing *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986)). However, if the claimed inconsistency that is created by the affidavit is actually in the deposition, then the affidavit cannot be considered a sham. *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 593 (6th Cir. 2009) (citing *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 894 (5th Cir. 1980)).

The defendants argue the alleged inconsistency between the affidavit and the report existed in the deposition itself and, therefore, there is no direct contradiction. [Record No. 269, p. 7 (citing *O'Brien*, 575 F.3d at 593)] In support, they cite Hernon's deposition in which he testified that he had several meetings with Jones and counsel, discussing the report, and that he spent a lot of time "contemplating" the matters surrounding his report. [Record No. 240-1, pp. 355-56] Hernon stated that, given these meetings and the time spent contemplating the matter, he spent a lot of time working on the letter. [*Id.*] However, this testimony does not create the same alleged inconsistency between the deposition testimony in question and the affidavit.

The affidavit states that Hernon had several meetings with his attorney where he "revised" his letter and that he "drafted" it over several meetings. [Record No. 241, pp. 1-2] The deposition

testimony cited by the defendants is not so clear that the time spent in these meetings was explicitly devoted to revising and drafting of the report. Rather, it concerns the time spent "contemplating" the matter. Hernon does say they spent "quite a bit of time" "working" on the letter, but this could mean time spent discussing the issues the report would address or just generally thinking about its contents, not necessarily the actual creation of the report.

Hernon's testimony during his deposition clearly demonstrates that the process of creating his report consisted of Jones bringing his draft to a meeting, reviewing it for sixty to ninety minutes, printing it on Hernon's letterhead, and signing it. [Record No. 196-9, pp. 171-74] This is not the case where the deposition "did not speak with one voice." *O'Brien*, 575 F.3d at 593. The deposition transcript cited by the defendants in their argument does not state with clear language that Hernon spent the time during his prior meetings actually drafting or revising his report, but only "contemplating" and generally "working" on the matter. Therefore, the contradiction created by the affidavit did not exist in the deposition itself. Thus, there are direct contradictions between the deposition testimony and the affidavit.

The defendants argue that Hernon's general inexperience with the deposition process and confusion provides the persuasive justification for the inconsistency between the deposition testimony and the affidavit. [Record No. 269, p. 7] But the plaintiffs claim that Hernon's justifications are not persuasive as this was not his first time acting as an expert or giving sworn deposition testimony. [Record No. 263-1, pp. 14-15] The Court is not convinced by the defendants assertion that Hernon had a general confusion with the deposition process and the questions the affidavit seeks to answer.

The transcript does not support Hernon's claims that he was confused during the deposition regarding questions relating to the time spent drafting the report due to his lack of experience with the deposition process. Hernon's answers were direct and did not reflect any inconsistency. Apart from Hernon's later claim of confusion, there is no evidence of any confusion from the record. Hernon explained that he had other meetings with his counsel and spent more time on the entire matter than he initially disclosed. The source of Hernon's confusion was explained thoroughly later in the deposition, clarifying any confusion he may have had, but it did not rebut earlier statements regarding the report. Further, Hernon's claim that he was confused by the deposition process as whole is undermined by the fact that he has previous deposition experience. [Record No. 263-6, pp. 9-10] A general claim of confusion will not justify the introduction of a contradictory affidavit to rebut prior sworn testimony. *Burns v. Bd. of Cnty. Comm'rs of Jackson Cnty.*, 330 F.3d 1275, 1282 (10th Cir. 2003).

The affidavit is directly contradictory to the testimony provided at Hernon's deposition and the reason provided for this contradiction is not sufficiently persuasive. Therefore, the affidavit will be stricken. Because the Court concludes that the affidavit is contradictory and that a persuasive justification for its contradictions have not been demonstrated, it is unnecessary to determine whether the affidavit is a sham. *Aerel*, 448 F.3d at 908.

### B.     Motion to Exclude Hernon

The plaintiffs have also moved to exclude Hernon's testimony on several grounds. They assert that, because Hernon's report was not actually written by him and contains the opinions of Defendant Jones, it is deficient under Rule 26 of the Federal Rules of Civil Procedure. They also argue that, because Hernon did not prepare his report, his testimony which is based on the report is

-10-

not reliable. They further contend that Hernon is not qualified to offer testimony regarding several subjects.

### i. Rule 26 Deficiency

As discussed above, Hernon's errata sheet and affidavit (stating that he had several meetings where he created the report and that 50% of the final product was based on Jones' draft) will be stricken. This leaves deposition testimony in which Hernon states that Jones provided the draft report which he adopted 90% after a sixty to ninety minute meeting. Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires that reports accompanying an expert witness disclosure be prepared by the witness himself or herself. Fed. R. Civ. P. 26(a)(2)(B). As referenced in Rule 26, "preparation" means involvement in the creation rather than "perusing a report drafted by someone else and signing one's name at the bottom to signify agreement." *Manning v. Crockett*, 95 C 3117, 1999 WL 342715, at *3 (N.D. Ill. May 18, 1999). Creating an expert's opinion and then asking the purported expert to sign it does not comply with the rule's requirement. *Id*. The advisory committee's notes indicate that an attorney may help draft the report, but they do not mention that a party may prepare the report for the witness. Fed. R. Civ. P. 26 advisory committee's note. Additionally, counsel's assistance is generally limited to helping the expert draft a report in a way that satisfies the requirements of Rule 26. *Id*.

Hernon testified that approximately 90% of his draft was prepared by Jones after a sixty to ninety minute meeting. Compounding the problem, Hernon could not identify the portion of the report that was changed. [Record No. 196-9, pp. 180-81, 184] Further, Hernon's report heavily relies on the COA and the Dean Dorton Ford Report. And Hernon admitted that he had not reviewed these documents before the report was submitted. The defendants' claim that Hernon

testified at his deposition that he had actually spent more time on his report than he initially stated is not convincing.

As discussed above, the statements Hernon made at his deposition involve meetings he had with his counsel and the time he spent on the entire matter itself, not the actual drafting of his report. [*Id.*, pp. 171, 355-56]  In short, based on Hernon's on sworn testimony, the Court concludes that he did not substantially participate in the creation of his report.  Instead, he adopted the opinions of Defendant Jones and signed a copy of the report printed on his letterhead.  This practice has been rejected as contravening the requirements of Rule 26.  *Bekaert Corp. v. City of Dyersburg*, 256 F.R.D. 573, 579 (W.D. Tenn. 2009); *Trigon Ins. Co. v. United States*, 204 F.R.D. 277, 296-69 (E.D. Va. 2001); *O'Hara v. Travelers*, 2:11-CV-208-KS-MTP, 2012 WL 3062300 (S.D. Miss. July 26, 2012) ("An attorney — or, in this case, a party — is not permitted to 'ghost-write' an expert's report.").  Thus, Hernon's report does not satisfy Rule 26.

When a party does not comply with Rule 26(a) he or she is "not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  The test for exclusion under 37(c) is "very simple: the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010).  Courts have found exclusion of an expert under Rule 37 appropriate when a report is improperly adopting the opinion of another.  *Bekaert*, 256 F.R.D. at 579; *see also In re Jackson Nat. Life Ins. Co. Premium Litig.*, 46 Fed. R. Serv. 3d 201 (W.D. Mich. 2000).  Indeed, "exclusion is automatic without a showing of substantial justification or harmlessness." *Bekaert*, 256 F.R.D. at 578.

The defendants behavior is neither substantially justified nor harmless. If allowed to testify, Hernon would be offering the opinions of Defendant Jones under the guise of an expert while simultaneously preventing Jones from being cross-examined on those opinions. The harm of allowing such testimony is self-evident. While a deposition was taken, it did not cure the deficiency of the report, as Hernon could not even identify the part of the report actually containing his original opinions. Therefore, Hernon will be excluded under Rule 37.

### ii.     Federal Rule of Evidence 702

If the opinions in an expert report are not his own, the expert will not satisfy the requirements of Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 587 (1993), because the report is not based on the expert's own reasoning and methodology. *See* Fed. R. Evid. 702 ("a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, in (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."); *Daubert*, 509 U.S. at 592–93 ("Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue."). And if an expert is not independent to form his or her own opinions, he or she lacks the required credibility to be of any assistance to the trier of fact. Fed. R. Evid. 702 (Expert testimony is admissible first if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, . . . ."); *see also Polsby v. Shalala*, 925 F. Supp. 379, 392 (D. Md. 1996) ("[A] lack of independence as an expert destroys his credibility.");

*Trigon Ins. Co. v. United States*, 204 F.R.D. 277, 295 (E.D. Va. 2001) (finding that when an expert did not draft his report his testimony is inadmissible under Rule 702).

Hernon admitted that his proffered opinion is approximately 90% of the opinion Jones supplied. Thus, his proposed testimony lacks independence. Because Hernon's opinions are not truly independent, his testimony will not assist the trier of fact and will be excluded under Rule 702.[2]

### III.

Hernon's errata sheet may not be used to make substantive changes to sworn testimony. Additionally, his affidavit is improper because it contradicts prior deposition testimony. And a persuasive justification for the contradiction has not been provided. Further, because Hernon simply adopted Jones' opinions in his report, the report does not satisfy the requirements of Rule 26. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiffs James T. Scatuorcho, LLC; James T. Scatuorchio; Kevin Scatuorchio; Courtney Sullivan; and Bryan Sullivan's motion to strike the affidavit and errata sheet of Hernon [Record No. 263] is **GRANTED**. The affidavit and errata sheet of Hernon will be stricken from the record.

2. Plaintiffs James T. Scatuorcho, LLC; James T. Scatuorchio; Kevin Scatuorchio; Courtney Sullivan; and Bryan Sullivan's motion to exclude Michael E. Hernon as an expert [Record No. 196] is **GRANTED**. Hernon will be **EXCLUDED** from testifying as an expert at trial.

---

[2] The plaintiffs also argue that Hernon is not qualified to express opinions on several subjects. [Record No. 196-1, pp. 20-24] However, the Court need not address those arguments.

This 30th day of April, 2014.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge