UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

JAMES T. SCATUORCHIO RACING )
STABLE, LLC, et al., )
 )
    Plaintiffs, ) Civil Action No. 5: 11-374-DCR
 )
V. )
 )
WALMAC STUD MANAGEMENT, ) **MEMORANDUM OPINION**
LLC, et al., ) **AND ORDER**
 )
    Defendants. )

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiffs James T. Scatuorcho, LLC, James T. Scatuorchio, Kevin Scatuorchio, Courtney Sullivan, and Bryan Sullivan have moved to exclude Larry K. Neuzel as an expert witness during the upcoming trial. [Record No. 204] For the reasons discussed below, the motion will be denied.

**I.**

The plaintiffs experts, Stephen Johnson and James LaMonica, are expected to testify that the advertising fees charged to the defendants were inordinately high and that the practice of marking-up bills was not standard practice in the industry. Defendant Saybrook Advertising, LLC ("Saybrook") hired Neuzel to rebut the expert testimony of Johnson and LaMonica.[1] [Record No. 185] Neuzel's report generally indicates that the fees charged by Saybrook were commercially reasonable and the

---

[1] Although Defendant Saybrook retained Neuzel as an opinion witness to provide testimony on the subject of advertising, Defendants Walmac Stud Management, LLC, Walmac Farm, LLC, John Jones, and Lincoln-Walmac Associated Farm Pty Ltd. ("Lincoln-Walmac") have also identified Neuzel as a proposed expert witness. And despite this motion being primarily directed towards Saybrook, the defendants indicate that there are scenarios in which they may also call Neuzel as a witness. [Record No. 246]

practice of marking-up third party invoices is standard practice in the industry. [*See* Record No. 204-9.]

Neuzel is a controller employed by the Cornett Group, Inc. ("Cornett"), an advertising firm in Lexington, Kentucky. He has approximately twenty-seven years experience as an accountant. [Record No. 204-7] Over the past fifteen years, Neuzel has managed a number of advertising agencies that serve clients in several different industries. [*Id.*] He has experience with the billing practices of advertising agencies from both a client and agency perspective, reviewing invoices for and from advertising agencies.

The plaintiffs have moved to exclude Neuzel as an expert witness, arguing that his testimony is unreliable under Rule 702 of the Federal Rules of Evidence. [Record No. 204, pp. 12-16] Specifically, they assert that Neuzel's expected testimony regarding the commercial reasonablility of Sabyrook's invoices is not based on reliable methodology. In response, the defendants argue that Neuzel's testimony is based on his years of experience dealing with advertising agencies' billing practices. [Record No. 245] They also claim that the plaintiffs inappropriately rely on the *Daubert* factors, which are of limited use when analyzing non-scientific expert testimony. [*Id.*, pp. 16-20]

The plaintiffs state in their pretrial memorandum that this matter will now be tried on simple claims of breach of the Southern Hemisphere Agreements and breach of fiduciary duty by Lincoln-Walmac. They indicate that allegations related to advertising charges in the Southern Hemisphere will not be raised. [Record No. 273, pp. 2-3] However, the remaining defendants indicate list that they will call Neuzel as an expert witness. [Record No. 279]

**II.**

The plaintiffs argue that Neuzel's proposed testimony is unreliable. [Record No. 204-1, p. 12][2] Specifically, they contend that, because Neuzel has no experience in creating advertisements, he is not able to express opinions regarding the reasonableness of Saybrook's billing practices. They also claim that when making his commercial reasonableness determination, Neuzel only compared the past invoices of Saybrook to newer Saybrook invoices and then measured them against others he had reviewed. The plaintiffs assert that, because Neuzel admitted that he cannot ascertain the amount of work spent on an advertisement by simply looking at it, he cannot offer an opinion on the reasonableness of the subject bills. According to the plaintiffs, Neuzel must have some background in the advertising field and must use a more reliable methodology before his opinions may be considered.

While the Court has considerable leeway in determining reliability, an expert's opinion cannot be based solely on speculation. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999); *Tamraz v. Lincoln Elec. Co.*, 620 F.3d 665, 670 (6th Cir. 2010). Experts witnesses are not required to be absolutely certain when forming their opinion. Instead, they are allowed "wide latitude in their opinions, including those not based on firsthand knowledge, so long as the 'expert's opinion [has] a reliable basis in the knowledge and experience of the discipline." *Jahn v. Equine Servs., PSC*, 233 F.3d 382, 388 (6th Cir. 2000) (quoting *Daubert*, 509 U.S. at 592).

---

[2] As the Court has noted on earlier occasions, for an expert's opinion to be admissible, it must satisfy three requirements. "First, the witness must be qualified by knowledge, skill, experience, training, or education. Second, the testimony must be relevant, meaning that it will assist the trier of fact to understand the evidence or to determine a fact in issue. Third, the testimony must be reliable." *In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 528 (6th Cir. 2006).

The distinction between scientific and non-scientific expert testimony is a critical one. *Berry v. City of Detroit*, 25 F.3d 1342, 1349-50 (6th Cir. 1994). When non-scientific expert testimony is at issue, the *Daubert* factors may be relevant or the pertinent reliability issue may be based on personal knowledge or experience. *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 295 (6th Cir. 2007) (citing *First Tennessee Bank Nat. Ass'n v. Barreto*, 268 F.3d 319, 335 (6th Cir. 2001)). In some fields, experience is the only basis for reliable expert testimony. However, if a witness is relying on experience he or she "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 advisory committee's note (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995)). In determining the admissibility of experience-based testimony, a court must analyze whether the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho*, 526 U.S. at 152. Against this backdrop, the Court notes that "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Neuzel's opinion on the commercial reasonableness of Saybrook's invoices is sufficiently reliable to be admissible. The plaintiffs concede that Neuzel is qualified to express opinions on accounting matters and that he has substantial experience reviewing advertising invoices, creating advertising invoices. Further, Neuzel is familiar with the billing practices of advertising agencies. However, they argue that because Neuzel does not have any experience in the creation of advertisements, he cannot express opinions regarding the reasonableness of the amount charged for advertising. Although Neuzel does not have experience, training, or education concerning the

creation of advertising, exclusion of his testimony is not required. Such specialization is not mandated by the Federal Rules of Evidence. *Doe v. Cutter Biological, Inc., a Div. of Miles Labs., Inc.*, 971 F.2d 375, 385 (9th Cir. 1992) (courts do not require that an expert be a specialist in any field). While Neuzel may not be able to review an advertisement and determine the amount of time spent regarding its preparation, he does have sufficient experience to reliably determine the commercial reasonableness of amounts charged for the advertisements.

The defendants do not intend to offer Neuzel to conduct a line-by-line review to determine the reasonableness of the amount Saybrook charged for labor or expenses. Rather, he intends to address the commercial reasonableness of Saybrook's overall billing practices. [*See* Record No. 204-9.] His testimony on this issue is the result of years of reviewing advertising invoices from both a client and agency perspective. His qualifications provide a reasonable foundation to answer questions regarding the commercial reasonability of Saybrook's general billing practices.

Neuzel's methodology involves comparing Saybrook's invoices to other advertising agency invoices he has reviewed while employed by Cornett. The plaintiffs object that Neuzel could not identify any of the specific invoices he has reviewed. Further, they contend that only three of Cornett's clients are in the equine industry and only one is a stallion management firm. However, Neuzel's testimony will not be excluded for these reasons. "[I]t is not proper for the Court to exclude expert testimony merely because the factual bases for an expert's opinion are weak." *Andler*, 670 F.3d at 729 (quoting *Boyar v. Korean Air Lines Co., Ltd.*, 954 F. Supp. 4, 7 (D.D.C. 1996)).

The plaintiffs also object to Neuzel's opinion concerning the appropriateness of Saybrook's mark-ups of third-party invoices. They argue that this opinion is simply based on Neuzel's status as an expert and is not grounded in any method that can be tested. [Record No. 204-1, p. 15]

Neuzel states in his report that advertising agency mark-ups are common. [Record No. 204-9, p. 4] He also indicates that "[t]he practice of marking up third-party invoices is reasonable and consistent with my experience as both a preparer of invoices in the advertising industry and as someone who approved advertising invoices to be paid." [*Id.*] While the plaintiffs argue that Neuzel's opinion should be excluded because it cannot be tested, this aspect of *Daubert* is of limited utility outside of the scientific context. *United States v. Jones*, 107 F.3d 1147, 1158 (6th Cir. 1997). Neuzel's opinions are based largely on his experience dealing with advertising invoices and knowledge that they regularly contain mark-ups to third-party bills. However, the methodology used does not undermine the reliability of the opinions.

### III.

Neuzel's experience provides a sufficient basis and foundation for the opinions he intends to express during trial. Therefore, this witness' testimony will not be excluded because the plaintiffs claim that it is unreliable. Accordingly, it is hereby

**ORDERED** that Plaintiffs James T. Scatuorcho, LLC ("Scatuorchio, LLC"), James T. Scatuorchio, Kevin Scatuorchio, Courtney Sullivan, and Bryan Sullivan's motion to exclude Larry K. Neuzel as an expert [Record No. 204] is **DENIED**.

This 1st day of May, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge